J-A10009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LUIS G. SANTOS | : | |
| | : | |
| Appellant | : | No. 1522 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 16, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0005049-2018

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED:  MAY 31, 2022**

Luis G. Santos appeals from the judgment of sentence imposed following his guilty plea to rape, involuntary deviate sexual intercourse, aggravated indecent assault, statutory sexual assault, sexual assault, corruption of minors, unlawful contact with minor-sexual offenses, indecent assault, and indecent exposure. In addition, Santos's counsel has filed a brief pursuant ***Anders v. California***, 386 U.S. 738 (1967), and a petition to withdraw from representation. We grant counsel's petition to withdraw and affirm the judgment of sentence.

Here, the Commonwealth charged Santos with 20 crimes arising out of his sexual assault of two minor children between the ages of four and seven at various locations in Lancaster County. On September 27, 2019, Santos entered a negotiated guilty plea to the above nine crimes in exchange for an

aggregate sentence of 10 to 20 years in prison. The trial court accepted the plea and imposed the agreed-upon sentence. However, the trial court also ordered Santos to comply with certain sex offender conditions.

Following a protracted procedural history not relevant to this appeal, this Court vacated the judgment of sentence and remanded for resentencing to vacate the sexual offender conditions. *See Commonwealth v. Santos*, 188 MDA 2020 (Pa. Super. filed May 11, 2021) (*per curiam*). Subsequently, the trial court imposed an aggregate sentence of 10 to 20 years in prison to comport with the negotiated plea agreement. Santos did not file a post-sentence motion.

Santos filed a timely notice of appeal. In response to the trial court's order, Santos's counsel filed a statement of intent to file an *Anders* brief in lieu of a statement of errors complained of on appeal.

On appeal, Santos's counsel has filed an *Anders* brief, asserting a discretionary aspects of sentencing claim; that the evidence was insufficient to support his convictions; that the guilty plea was invalid; and that the trial court imposed an illegal sentence. *See Anders* Brief at 12-17. Santos's counsel also filed a petition to withdraw as counsel with this Court on February 8, 2022. Santos filed neither a *pro se* brief, nor retained alternate counsel.

We must first determine whether Santos's counsel has complied with the dictates of *Anders* in petitioning to withdraw from representation. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (stating

that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw."). Pursuant to *Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, Santos's counsel has complied with the requirements set forth in *Anders* by indicating that she conscientiously examined the record and determined that an appeal would be frivolous. Further, Santos's counsel's *Anders* Brief meets the standards set forth in *Santiago*, by setting forth her

conclusions that the trial court did not abuse its discretion in imposing Santos's sentence, the plea was knowingly entered, and the sentences were not illegal, rendering Santos's appeal wholly frivolous.[1] Finally, Santos's counsel provided a letter to Santos, informing him of her intention to withdraw as counsel, and advising Santos of his rights to retain new counsel, proceed *pro se*, and file additional claims. Because Santos's counsel has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Santos's appeal is, in fact, wholly frivolous. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (stating that once an appellate court determines that counsel's petition and brief satisfy *Anders*, the court must then conduct its own review of the appeal to determine if it is wholly frivolous).

First, Santos challenges the discretionary aspects of his sentence. *See Anders Brief* at 12-13.

Here, Santos entered a negotiated guilty plea which provided that he would plead guilty to the above crimes in exchange for an aggregate sentence of 10 to 20 years in prison. *See* N.T., 9/27/19, at 2-4, 20. Because Santos pleaded guilty and ultimately received the negotiated sentence, he is not entitled to discretionary review of his sentence. *See Commonwealth v.*

_____

[1] We note Santos's counsel points out that when a defendant pleads guilty, he/she waives their defenses except for lack of jurisdiction, invalid guilty plea, and illegal sentence. *See* Anders Brief at 13.

*O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008) (stating that "[a]n appellant who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence"). Accordingly, we may not review Santos's discretionary aspects of sentencing challenge and his claim is wholly frivolous. *See id.*

Next, Santos contends that the evidence is insufficient to support his convictions. *See Anders* Brief at 13. As noted above, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and … the legality of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) (quotation marks omitted). Therefore, Santos's sufficiency claim is waived.

In his third claim, Santos argues that his plea was involuntarily entered. *See Anders* Brief at 13-16.[2]

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily[,] and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the

_____

[2] We note Santos did not preserve his challenge to the validity of the guilty plea during the colloquy or in a post-sentence motion. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (stating that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing"). Although the mere filing of an *Anders* brief and petition to withdraw will not serve to resuscitate claims that were not properly preserved in the trial court, *see Commonwealth v. Cox*, 231 A.3d 1011, 1016 (Pa. Super. 2020), we will address the instant claim to determine whether the appeal is wholly frivolous.

trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citation omitted).

To ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, cmt.

The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that

is read, completed, and signed by the defendant and made a part of the plea proceedings.

***Bedell***, 954 A.2d at 1212-13 (citations, quotation marks, and ellipses omitted).

During his oral and written guilty plea colloquies, Santos stated that he did not understand the English language, but that he was utilizing the services of an interpreter. ***See*** Written Guilty Plea Colloquy, 9/27/19, at 1; N.T., 9/27/19, at 2, 6. Santos indicated that he had past mental health issues and took prescription medication for anxiety but affirmed that he understood the proceedings against him and that he made a knowing choice to enter the plea. ***See*** Written Guilty Plea Colloquy, 9/27/19, at 1; N.T., 9/27/19, at 17-19. Santos further understood the nature of the charges, admitted to committing the crimes, and stated that he would accept responsibility for his actions. ***See*** Written Guilty Plea Colloquy, 9/27/19, at 5; N.T., 9/27/19, at 6-9, 12-14, 15-16.

Moreover, Santos stated that he understood the permissible range of sentences and fines, indicated that he was not made any promises other than the negotiated plea agreement, and recognized that the judge did not have to accept the negotiated plea agreement. ***See*** Written Guilty Plea Colloquy, 9/27/19, at 3-5; N.T., 9/27/19, at 9-11. Santos also confirmed that he understood the plea deal and the rights he was foregoing by pleading guilty, including the presumption of innocence, the right to file pretrial motions, and

the right to a jury trial. **See** Written Guilty Plea Colloquy, 9/27/19, at 2-3; N.T., 9/27/19, at 6-7.

Additionally, Santos indicated that no one had forced or threatened him to plead guilty and that he willingly entered the plea. **See** Written Guilty Plea Colloquy, 9/27/19, at 5; N.T., 9/27/19, at 6, 11-12, 19. Finally, Santos expressed satisfaction with his plea counsel. **See** N.T., 9/27/19, at 11. Thereafter, the trial court accepted the plea bargain negotiated between Santos and the Commonwealth and imposed the agreed-upon sentence. **See id.** at 19-20.

Based upon the evidence in the record, Santos knowingly and voluntarily entered the negotiated guilty plea. **See Commonwealth v. Jabbie**, 200 A.3d 500, 506 (Pa. Super. 2018) (stating that a defendant is bound by his statements at his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea). Therefore, Santos has not demonstrated prejudice on the order of manifest injustice to justify withdrawing his guilty plea. Accordingly, Santos's claim is frivolous.

Finally, the trial court imposed a legal sentence on Santos. Notably, the rape of a child, involuntary deviate sexual intercourse, statutory sexual assault, unlawful contact with minors, and aggravated indecent assault of a child convictions were each graded as first-degree felonies, which carry a maximum sentence of 20 years in prison. **See** 18 Pa.C.S.A. § 1103(1).

However, notwithstanding Section 1103, the maximum sentence for a person convicted of rape of a child is 40 years in prison. *See* 18 Pa.C.S.A. § 3121(e)(1). The sexual assault conviction was graded as a second-degree felony, which carries a maximum sentence of 10 years in prison. *See* 18 Pa.C.S.A. § 1103(2). The corruption of minors and indecent assault were graded as a third-degree felonies, which carry a maximum sentence of 7 years in prison. *See* 18 Pa.C.S.A. § 1103(3). Finally, the indecent exposure conviction was graded as a first-degree misdemeanor, which carries a maximum sentence of 5 years in prison. *See* 18 Pa.C.S.A. § 1104(1).

Here, the trial court imposed concurrent prison terms of 10 to 20 years for the rape of a child, involuntary deviate sexual intercourse, unlawful contact with minors, and aggravated indecent assault of a child convictions; 5 to 10 years for the sexual assault conviction; 3½ to 7 years for the corruption of minors and indecent assault convictions; and 1 to 5 years for the indecent exposure conviction. Based upon the relevant law, the trial court did not impose an illegal sentence.

Having reviewed the issues raised in counsel's *Anders* brief, and after conducting our own independent review of the record, which disclosed no additional non-frivolous issues that could be raised on appeal, we agree with counsel that the appeal is wholly frivolous. We therefore grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/31/2022